THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA HOSKINS, #R54570, <br><br> Plaintiff, <br><br> v. <br><br> C/O LUEKER, <br> C/O MAYS, <br> LIEUTENANT SHIRLEY, <br> LIEUTENANT BAKER, <br> LIEUTENANT WANGLER, <br> SERGEANT WANACK, <br> OFFICER HERMANN, <br> OFFICER TOMSHACK, <br> G. HALE, <br> DANIEL J. HARRISS, <br> C. WALL, <br> C. HECK, <br> MICHAEL BAILEY, <br> SERGEANT PEEK, <br> JANA RUETER, <br> OFFICER HAGSTON, <br> LIEUTENANT MERACLE, <br> LIEUTENANT MILLER, <br> MAJOR ADAMS, <br> MAJOR LIVELY, <br> OFFICER BELL, <br> LIEUTENANT PETITJEAN, <br> SERGEANT DUDEK, <br> SERGEANT COOLEY, <br> LIEUTENANT MUMBOWER, <br> OFFICER BROCK, <br> CHARLES SWISHER, <br> JAMES GROVE, <br> INTEL OFFICER RODMAN, and <br> LIEUTENANT JOHNSON, <br><br> Defendants. | Case No. 3:20-cv-00776-GCS |

# MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff Joshua Hoskins brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights occurring while at Pinckneyville Correctional Center ("Pinckneyville"). Hoskins claims that he was subject to retaliation and prohibited from practicing his religion. He seeks monetary damages.

The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Hoskins, who identifies as an Islam Muslim, alleges that Defendants did not allow him to possess the Holy Quran, a kufi, a watch, or prayer rug from April 1, 2020, until August 10, 2020. (Doc. 17, p. 54). He was also prohibited from attending all Islamic services, including Jum'ah services on Fridays. Defendants told Hoskins they were going to monitor his outgoing mail and that if he directed any letters to the institutional chaplain or outside Islamic institutions requesting to attend Jum'ah services, receive

---

[1] The Court has jurisdiction to screen the Complaint in light of Hoskins's consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Illinois Department of Corrections and this Court.

Islamic literature, or be placed on the Ramadan list, then they would destroy his written request and place him in segregation on false disciplinary charges. Defendants also threatened Hoskins with segregation if they found a Holy Quran, kufi, or prayer rug in his cell. *Id.*

From April 24, 2020 until May 25, 2020, Hoskins alleges that Defendants Lueker, Swisher, Wall, Hale, Heck, Brock, Bailey, Rueter, Grove, Meracle, Miller, Adams, Lively, Bell, Cooley, Dudek, Petitjean, Mumbower, Mays, Shirley, Wangler, Wanack, Peek, Hermann, Tomshack, Harriss, and Johnson, prohibited him from fasting during the month of Ramadan. (Doc. 17, p. 54). They threatened to place Hoskins in segregation or transfer him to a medium or maximum security facility if they discovered that he was holding food in his cell. *Id.*

Hoskins's property was searched by Defendants Wall, Harriss, and Brook on May 11, 2020, and again on June 11, 2020, by Defendant Brock. (Doc. 17, p. 54). During both searches Defendants threatened to issue a false disciplinary ticket and to place him in segregation if they found Islamic materials. *Id.*

At some point, Defendants Wall, Harriss, Brock, Wangler, Adams, Lively, Mays, and Heck told Hoskins they were having him transferred to R4 house where he would be harassed by Defendant Baker. (Doc. 17, p. 54). Hoskins was housed in R4 house on June 17, 2020. *Id.* at p. 54-55.

## DISCUSSION

Based on the allegations of the Complaint, the Court finds it convenient to designate the following Counts:

    **Count 1:**    First Amendment claim against Defendants for substantially

        burdening Hoskins's exercise of religion.

**Count 2:**    First Amendment claim against Defendants for retaliating against Hoskins for filing grievances and lawsuits.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

## Count 1

"A prisoner is entitled to practice his religion insofar as doing so does not unduly burden the administration of the prison." *Hunafa v. Murphy*, 907 F.2d 46, 47 (7th Cir. 1990). To state a claim under the free exercise clause of the First Amendment, a plaintiff must allege facts that plausibly suggest that his "right to practice [his chosen religion] was burdened in a significant way." *Kaufman v. McCaughtry*, 419 F.3d 678, 683 (7th Cir. 2005).[3]

Hoskins alleges he was prevented from attending religious services and denied religious items by all Defendants and that Defendants Lueker, Swisher, Wall, Hale, Heck, Brock, Bailey, Rueter, Grove, Meracle, Miller, Adams, Lively, Bell, Cooley, Dudek, Petitjean, Mumbower, Mays, Shirley, Wangler, Wanack, Peek, Hermann, Tomshack, Harriss, and Johnson prevented him from fasting for Ramadan. These allegations are sufficient for Count 1 to proceed against Defendants.

---

[2]    *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[3]    Inmates are afforded broader religious protections under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and a Court may order injunctive relief to correct a RLUIPA violation. *See* 42 U.S.C.A. § 2000cc-2. Here, Hoskins has not made a request for injunctive relief and a suit for money damages is not authorized under RLUIPA. *See Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012).

**Count 2**

To state a First Amendment retaliation claim, Hoskins must plead that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012).

Hoskins alleges that all Defendants prevented him from practicing his religion and threatened him with false disciplinary tickets and placement in segregation in retaliation for filing grievances and lawsuits. He also claims that Defendants Lueker, Swisher, Wall, Hale, Heck, Brock, Bailey, Rueter, Grove, Meracle, Miller, Adams, Lively, Bell, Cooley, Dudek, Petitjean, Mumbower, Mays, Shirley, Wangler, Wanack, Peek, Hermann, Tomshack, Harriss, and Johnson, retaliated against him by threatening to transfer him to a more secure correctional facility. These claims are sufficient for Count 2 to proceed against Defendants.

**COMBINED MOTIONS AND MOTION FOR STATUS**

Hoskin has filed motions requesting that the Court screen the Complaint and provide the status of his case. In light of this Order, these requests are denied as moot. (Doc. 16, 28).

Hoskins also seeks leave to amend the Complaint to add Rodman and Johnson as Defendants. (Doc. 16). Hoskins has included Defendants Rodman and Johnson as parties to this action, and thus, this request is also denied. *See* (Doc. 17, p. 1, 4).

## DISPOSITION

**IT IS HEREBY ORDERED** that the Complaint survives preliminary review pursuant to Section 1915A. **Counts 1** and **2** will proceed against **Lueker, Mays, Shirley, Baker, Wangler, Wanack, Peek, Hermann, Tomshack, Hale, Harriss, Wall, Heck, Bell, Brock, Bailey Swisher, Rueter, Grove, Hagston, Meracle, Miller, Rodman, Adams, Lively, Cooley, Dudek, Petitjean, Mumbower,** and **Johnson.**

**IT IS FURTHER ORDERED** that the Combined Motions (Doc. 16) is **DENIED** and the Motion for Status (Doc. 28) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for **Lueker, Mays, Shirley, Baker, Wangler, Wanack, Peek, Hermann, Tomshack, Hale, Harriss, Wall, Heck, Bell, Brock, Bailey Swisher, Rueter, Grove, Hagston, Meracle, Miller, Rodman, Adams, Lively, Cooley, Dudek, Petitjean, Mumbower,** and **Johnson** the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendants' place of employment as identified by Hoskins. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Hoskins, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms

as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to file an appropriate responsive pleading to the Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants only need to respond to the issues stated in this Merit Review Order.**

If judgment is rendered against Hoskins, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Hoskins is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. PROC. 41(b).

**IT IS SO ORDERED.**

DATED: March 22, 2021.

Digitally signed by Judge Sison 2
Date: 2021.03.22 11:33:03 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**

## NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days or more**. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Hoskins is advised to wait until counsel has appeared for the defendants before filing any motions and to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Hoskins need not submit any evidence to the Court at this time, unless otherwise directed by the Court.